1
2
3
4
5
6
7           UNITED STATES DISTRICT COURT
8                EASTERN DISTRICT OF CALIFORNIA
9
OLIVER VANN,                          )   1:08-cv-00008-LJO-TAG HC
10                                    )
                    Petitioner,       )   ORDER REQUIRING RESPONDENT TO
11                                    )   FILE RESPONSE TO PETITION
                                      )
12      v.                            )   ORDER SETTING BRIEFING SCHEDULE
                                      )
13  JAMES A. YATES, Warden,           )   ORDER DIRECTING CLERK OF COURT
                                      )   TO SERVE DOCUMENTS
14                  Respondent.       )
15  _____  )

16  _____Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ

17  of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed his Petition on January 2, 2008.

18  (Doc. 1).  The Court has conducted a preliminary review of the Petition.  Petitioner asserts that the

19  petition "is a State Prison Condition Issue Writ."  (Id. at p. 2).  Petitioner alleges that on February 14,

20  2006, he was removed from the general prison population, where he enjoyed a job as a chaplain's

21  clerk that entailed certain prison privileges, for "safety concerns," and placed in administrative

22  segregation, where his status was downgraded and he would not be allowed to work.  (Id. at pp. 4, 6,

23  9).  Normally, this would indicate to the Court that Petitioner is attempting to state a claim for a civil

24  rights violation pursuant to 42 U.S.C. § 1983,  not a habeas claim pursuant to § 2254.

25          However, Petitioner also contends that his present downgraded status precludes him from

26  earning credits pursuant to California Penal Code §§ 2931-2933.  (Id. at pp. 8; 16).  Moreover, as

27  relief, Petitioner asks for a restoration of his "previously earned Credit Work" as well as his prior

28  privileges.  (Id. at p. 13).  While Petitioner does not elaborate regarding the amount of credits he

1

1   claims to have lost or the effect that the loss of such credits may have on his eventual release date, it

2   appears to the Court that Petitioner has sufficiently alleged a claim of due process in the execution of

3   his sentence to permit this case to proceed under the Court's habeas jurisdiction.

4         Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of

5   the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

6       1)    Respondent SHALL FILE a RESPONSE.  A Response can be made by filing one of

7           the following:

8           A.    AN ANSWER addressing the merits of the Petition and due within **NINETY**

9                  **(90)** days of the *date of service* of this order.  Rule 4, Rules Governing Section

10                 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985)

11                 (court has discretion to fix time for filing an Answer.).

12            &ndash;    Respondent SHALL INCLUDE with the Answer any and all

13                 transcripts or other documents necessary for the resolution of the

14                 issues presented in the Petition. Rule 5 of the Rules Governing Section

15                 2254 Cases.

16            &ndash;    Any argument by Respondent that Petitioner has *procedurally*

17                 *defaulted* a claim(s) SHALL BE MADE in an ANSWER that also

18                 addresses the merits of the claims asserted. This is to enable the Court

19                 to determine whether Petitioner meets an exception to procedural

20                 default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997)

21                 (Procedurally defaulted claims may be reviewed on the merits to serve

22                 the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the

23                 answer to the question that it is more likely than not that no reasonable

24                 juror fairly considering all the evidence, including the new evidence,

25                 would have found Petitioner guilty beyond a reasonable doubt

---

26

27         [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not

28   inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules."  Rule 11, Rules Governing Section 2254 Cases.

necessarily requires a review of the merits).

    − Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

    B.    A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[2]

        i.    EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings so as to allow the Court to examine the limitations issue.  See, Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

        ii.    STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.

        iii.    SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof.

    2.    OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.  Replies to Oppositions to all other Motions SHALL be

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

served and filed within eight (8) days, plus three days for mailing.  If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

3.   Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4.   RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders.  See, Local Rule 83-182(a), 5-135(c).

5.   The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the PETITION (Doc. 1), and any exhibits/attachments, on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **February 7, 2008**                                    **/s/ Theresa A. Goldner**
                                                                 UNITED STATES MAGISTRATE JUDGE

4