UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER VANN,<br><br>        Petitioner,<br><br>  v.<br><br>JAMES A. YATES, Warden,<br><br>        Respondent. | 1:08-cv-00008-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO DISMISS PETITION (Doc. 8)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT (Doc. 7)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN FIFTEEN DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on January 2, 2008. (Doc. 1). In the petition, Petitioner contends that his due process rights were violated when, on February 14, 2006, while serving three life sentences without the possibility of parole, he was removed from the general prison population and placed in administrative segregation, thus precluding him from earning various work credits and good time credits under California law. .

On February 11, 2008, the Court ordered Respondent to file a response. (Doc. 3). On April 11, 2008, Respondent filed a motion to dismiss the petition, contending that, because Petitioner was serving three life terms without the possibility of parole, any credit loss would not entitle Petitioner to habeas relief since it would not have any possible effect on the fact or length of his imprisonment. (Doc. 7). Respondent also contended that Petitioner's claim had not been exhausted in state court

1  but had in fact been dismissed for failure to exhaust administrative remedies.  (Id.).  On May 2, 2008,
2  Petitioner filed a response to the motion to dismiss, conceding that his status as a life prisoner
3  without the possibility of parole precluded him from habeas relief and requesting that the Court
4  dismiss the petition without prejudice on those grounds.  (Doc. 8).  However, Petitioner disagrees
5  that he failed to exhaust his administrative remedies, contending that, for various reasons, his
6  attempts to exhaust his claim were thwarted by officials in the state prison system.  (Id.).

7  **DISCUSSION**

8      A.  Procedural Grounds for Motion to Dismiss

9  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition
10 if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not
11 entitled to relief in the district court . . . ."  The Ninth Circuit has allowed respondents to file a
12 motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state
13 remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915
14 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to
15 exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as
16 procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533
17 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
18 after the court orders a response, and the court should use Rule 4 standards to review the motion.  2.
19 In this case, Respondent's motion to dismiss is based on a purported failure by Petitioner to
20 exhaust his state administrative remedies and his failure to state a habeas claim.  Because
21 Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust
22 state remedies or for state procedural default and Respondent has not yet filed a formal answer, the
23 Court will review Respondent's motion pursuant to its authority under Rule 4.

24     B.  The Two Motions to Dismiss

25 Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review
26 of each petition for writ of habeas corpus and to dismiss a petition if it plainly appears from the face
27 of the petition that the petitioner is not entitled to relief.  Rule 4 of the Rules Governing  2254 Cases;
28 see Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for

writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)( quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973)).

Habeas corpus jurisdiction is available for a prisoner's claim that he has been denied good time credits without due process of law, and for expungement of a disciplinary record if expungement is likely to accelerate the prisoner's eligibility for parole. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989); see Preiser, 411 U.S. at 486 (noting that habeas corpus serves to provide a forum for prisoners who claim that they are "being unlawfully subjected to physical restraint").

Here, however, Petitioner concedes that he is serving three life sentences without possibility of parole. (Doc. 8, p. 1). Because Petitioner is not eligible for parole, neither the loss of credits nor the expungement of his prison disciplinary record will have any direct effect on the duration of his sentence. Under California law, a sentence of life imprisonment without the possibility of parole precludes the possibility of release from prison except upon commutation by the Governor. See People v. Whitt, 51 Cal.3d 620, 656-657 (1990). The possibility that a federal determination that the disciplinary process was constitutionally defective might be factor in a decision to commute a prisoner's sentences is pure speculation.

Accordingly, to the extent Petitioner seeks habeas corpus relief to be restored to a status entitled to earn good time and work credits that would reduce his overall sentence, the petition would have to be dismissed for failure to state a claim upon which habeas relief may be afforded because, even if the Court were to restore Petitioner to a status entitling him to earn such credits, that remedy would not affect the "legality or duration" of Petitioner's confinement. Preiser, 411 U.S. at 485.

However, in his response to Respondent's motion to dismiss, Petitioner has himself requested that the petition be dismissed without prejudice. (Doc. 8, p. 2). Although the request is buried in Petitioner's response, the Court nevertheless construes the request as a motion to dismiss the petition without prejudice. Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of

the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); see Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919, 921 (9th Cir. 1989)(the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." Id.

Here, Respondent filed a responsive pleading, i.e., a motion to dismiss, before Petitioner filed his request for dismissal. No stipulation for dismissal has been filed in this case. Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion *unless* Respondent will suffer legal prejudice thereby. Smith, 263 F.3d at 975. Certainly, Respondent has already expended effort in this case by filing a detailed motion to dismiss the petition and a reply to Petitioner's opposition to that motion to dismiss. Nevertheless, Respondent did not oppose Petitioner's request for voluntary dismissal without prejudice in his reply. The same result would obtain, i.e., dismissal of the petition, regardless of which motion to dismiss were granted.

Accordingly, nothing in the record suggests that Respondent would be legally prejudiced should the Court grant Petitioner's motion to dismiss in lieu of Respondent's own motion to dismiss. Although Petitioner does not provide great detail for his reasons for dismissal, nothing in the record now before the Court suggests that the dismissal is being sought for improper motives or to gain a tactical advantage. Rather, it appears to the Court that Petitioner has reasonably concluded that Respondent's motion to dismiss has merit, that a prisoner serving a life term without the possibility of parole is not entitled to habeas relief for being assigned a status that results in a loss of work or good time credits, and, hence, that dismissal without prejudice is his best course at this juncture.
///

Further, granting Petitioner's motion to dismiss in lieu of Respondent's motion would obviate the need for the Court to address the disputed issue of whether Petitioner has fully exhausted his administrative remedies as a predicate to filing the instant petition or the legal effect of the procedural bar imposed by the state court in dismissing Petitioner's state petition for failure to exhaust administrative remedies.  Accordingly, the Court will recommend that Petitioner's request for dismissal without prejudice be granted, and that Respondent's motion to dismiss be denied as moot.

## RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Petitioner's motion to dismiss the petition without prejudice (Doc. 8), be GRANTED; and

2. Respondent's motion to dismiss the petition (Doc. 7), be DENIED as MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.**  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 6, 2009**                               **/s/ Theresa A. Goldner**
                                                                   UNITED STATES MAGISTRATE JUDGE